UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

VICTORIA MOBLEY,

    Plaintiff,

v.       CASE NO. 3:23-cv-160-TJC-JBT

JACKSONVILLE SHERIFF'S OFFICE,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court on *pro se* Plaintiff's second Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) ("Motion") (Doc. 4). For the reasons stated herein, the undersigned recommends that the Motion be **DENIED** and that the case be **DISMISSED without prejudice**.

**I.  Background**

On March 1, 2023, the undersigned entered an Order taking the initial Motion (Doc. 2) under advisement. (Doc. 3.) The Order stated: "On or before March 22, 2023, Plaintiff shall file an amended complaint and an amended application in compliance with this Order and all applicable rules and law. If Plaintiff fails to do so, the undersigned will likely recommend that the District Judge deny the Motion and dismiss the action." (*Id.* at 5.) Although Plaintiff filed an amended application, she has not filed an amended complaint in response to this

Order. Moreover, the amended application is still deficient because it was not signed under penalty of perjury. (Doc. 4 at 1, 5.)

**II.   Standard**

Pursuant to 28 U.S.C. § 1915(a)(1), the Court may allow a plaintiff to proceed without prepayment of fees or costs where the plaintiff has demonstrated through the filing of an affidavit that she is "unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Even assuming that the Motion sufficiently demonstrates that Plaintiff meets the financial criteria and is therefore entitled to proceed *in forma pauperis*, when such a motion is filed, the Court is also obligated to review the case pursuant to 28 U.S.C. § 1915(e)(2) and to dismiss the case if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The Court must also dismiss *sua sponte* an action, if at any time, it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

To avoid a dismissal, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not do. *Id.*

Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Though detailed factual allegations are not required to satisfy this standard, Rule 8(a) of the Federal Rules of Civil Procedure demands "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* The well-pled allegations must nudge the claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

While pleadings submitted by a *pro se* plaintiff "are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed," *Tannenbaum v. U.S.*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam), "[a] [*pro se*] complaint that fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading constitutes a 'shotgun pleading.' . . . prohibited by Rule 8(a)(2)." *Lampkin-Asam v. Volusia Cty. Sch. Bd.*, 261 F. App'x 274, 277 (11th Cir. 2008).[1]  As such, even *pro se* complaints that are "disjointed, repetitive, disorganized and barely comprehensible" may be dismissed. *Id.* at 276.

---

[1]The undersigned does not rely on unpublished opinions as binding precedent. However, they may be cited when the undersigned finds them persuasive on a particular point.  See *McNamara v. GEICO,* 30 F.4th 1055, 1060–61 (11th Cir. 2022).

3

### III. Analysis

As the undersigned explained in the prior Order (Doc. 3), even liberally construed, Plaintiff's Complaint does not meet the above requirements and is otherwise deficient for the reasons stated in the Order, which are incorporated herein. Such reasons include that Plaintiff did not sufficiently allege a basis for federal jurisdiction and she did not allege sufficient factual matter to state a claim for relief pursuant to Federal Rule of Civil Procedure 8. (*See* Doc. 3 at 4.)

The prior Order stated in part:

> Plaintiff requests an order compelling "body camera footage from the police" allegedly containing "evidence of judicial misconduct and perjury," in addition to "$500,000.00 in punitive damages for undue stress," and a jury trial. (Doc. 1 at 3–4.) Plaintiff alleges in conclusory fashion that the case "involves multiple civil rights violations and HIPPA laws" stemming from an incident at the Duval County Courthouse to which the police responded. (*Id.* at 2–3.) However, Plaintiff fails to allege any adequate basis for subject matter jurisdiction. Citing unspecified "civil rights violations" is insufficient.

(*Id.* at 3–4.)

Further, Plaintiff was advised that the Complaint was not "a short and plain statement of the claim showing that the pleader is entitled to relief," as required by Federal Rule of Civil Procedure 8. *See* Fed. R. Civ. P. 8(a)(2) & (d)(1). The prior Order explained: "The Complaint alleges no cause of action and contains

4

no coherent, much less plausible, factual allegations to support its conclusory statements. (*See generally* Doc. 1.)" (Doc. 3 at 4.)

Plaintiff's allegations amount to nothing more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Therefore, the pleading standard contained in Rule 8(a)(2) has not been met. Moreover, Plaintiff has not sufficiently alleged subject matter jurisdiction. Plaintiff was provided with an opportunity to amend her Complaint and Motion to cure the deficiencies noted in the prior Order, if possible. (Doc. 3 at 5.) Plaintiff has not filed an amended complaint and the amended Motion does not contain a properly executed Affidavit in Support of the Application. (Doc. 4 at 1.) Therefore, the undersigned recommends that the Motion be denied and this case be dismissed without prejudice for lack of subject matter jurisdiction, failure to state a claim on which relief can be granted, and failure to prosecute.

Accordingly, it is respectfully **RECOMMENDED** that:

1. The Motion (**Doc. 4**) be **DENIED**.

2. The case be **DISMISSED without prejudice**.

3. The Clerk of Court be directed to terminate any pending motions and close the file.

## Notice to Plaintiff

"Within 14 days after being served with a copy of [this Report and

Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1.

**DONE AND ENTERED** in Jacksonville, Florida, on April 11, 2023.

_____
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

The Honorable Timothy J. Corrigan
Chief United States District Judge

*Pro se* Plaintiff